OPINION
Appellant, Karlene Hess, and appellee, Marvin Hess, were married on November 24, 1984. Two children were born as issue of said marriage, Andrew born November 13, 1985 and Ashley born September 22, 1989. On November 12, 1996, the parties filed a petition for dissolution with a separation agreement. A hearing before a magistrate was held on January 7, 1997. By decree filed January 8, 1997, the trial court dissolved the marriage and incorporated the separation agreement into the decree.
On March 19, 1998, appellant filed a motion to set aside the dissolution decree pursuant to Civ.R. 60(B)(5). Appellant argued the decree was extremely unfair and inequitable in that appellee acquired the bulk of the assets. A hearing was held on May 20, 1998. By judgment entry filed same date, the trial court denied said motion.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SET ASIDE THE JUDGMENT
 I
Appellant claims the trial court erred in denying her motion for relief from judgment pursuant to Civ.R. 60(B)(5). We disagree.
A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Civ.R. 60(B)(5) provides for relief from judgment for "any other reason justifying relief from the judgment." A movant for relief from judgment under Civ.R. 60(B) must demonstrate "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Appellant argues the trial court failed to make a finding in the dissolution decree that the separation agreement was fair and equitable. In support, appellant cites the case of Paul v. Paul
(June 18, 1981), Tuscarawas App. Nos. CA-1495 CA-1500, unreported. Although the specific language of Paul is not included in the decree, the trial court did find the following:
 The court further finds that in said agreement the parties have agreed to a division of their property and have made a determination of all rights and obligations of support and alimony and the Court, having been fully informed by the parties hereto that they do agree to the terms of said agreement and that they desire the same to be incorporated into this final decree, and the Court having reviewed said written Separation Agreement and having approved the same, it is hereby ORDERED, ADJUDGED and DECREED that the Separation Agreement and the amendment thereto * * * is incorporated into the terms of this decree * * *.
We find this language to be tantamount to a fair and equitable finding.
Appellant argues the agreement is inequitable because there was no division of appellee's profit sharing plan which would qualify as marital property under Hoyt v. Hoyt (1990),53 Ohio St.3d 177. We note there is no claim of fraud in the agreement. Listed under "Stocks, Bonds" in appellee's original financial statement filed November 12, 1996 is "Profit sharing Ohio Packaging" and the amount "$93,278.54." At the January 7, 1997 hearing before the magistrate, appellant was specifically asked about the separation agreement:
 MAGISTRATE: You understand that any documents that you sign such as the Separation Agreement or any orders that this Court might issue will be binding on you just as if you had an attorney here with you?
MS. HESS: Yes.
 MAGISTRATE: Karlene Hess, have you had an opportunity to read and review the Separation Agreement?
MS. HESS: Yeah.
 MAGISTRATE: Have you made a full disclosure of all your debts and assets?
MS. HESS: Yes.
 MAGISTRATE: Do you believe that Marvin Hess has fully disclosed to you all of his debts and assets?
MS. HESS: Yes.
 MAGISTRATE: Did you understand the terms of the Separation Agreement?
MS. HESS: Yes.
 MAGISTRATE: Did you find those terms to be fair and equitable to yourself?
MS. HESS: Yes.
 MAGISTRATE: Did you sign that document of your own free will and voluntarily?
MS. HESS: Yes.
See, Appellee's Brief, Exhibit A-11 at 6-7.
With the record establishing full disclosure and acceptance and appellant's own sworn testimony concerning the separation agreement, we cannot say the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion. The decree and appellant's statements during the January 7, 1997 hearing establish an equitable and fair distribution. Appellee was named the custodial parent. Appellant relinquished the profit sharing plan in exchange for a child support order of $20.00 per month per child in deviation of the child support guidelines. Upon review, we find no abuse of discretion.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.